FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Dec 10 2025

KEVIN P. WEIMER, Clerk

By: Sonya Nuckolls
Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

MATTHEW NEET

**CRIMINAL COMPLAINT**

Case Number: 1:25-mj-1291

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

From in or about September 2021, and continuing until at least in or about January 2024, in the Northern District of Georgia and elsewhere, the defendant, MATTHEW NEET, did knowingly devise and intend to devise a scheme and artifice to defraud investors, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and in so doing, with the intent to defraud, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud,

in violation of Title 18, United States Code, Section(s) 1343.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Stephen Ryskoski*
Signature of Complainant
Stephen Ryskoski

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

| December 10, 2025 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer
AUSA S. Kaushal

*Russell G. Vineyard*
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Stephen Ryskoski, a Special Agent with the Federal Bureau of Investigation (FBI) hereby depose and state under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is submitted in support of a criminal complaint that Matthew Neet (NEET) has violated Title 18, United States Code, Section 1343 (Wire Fraud).

2. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of or to make arrests for federal criminal offenses. I have been a Special Agent with the FBI since April 2010. I am currently assigned to the Atlanta Division and work on the Complex Financial Crimes Squad investigating financial crimes, including investment schemes, identity theft, wire fraud, mail fraud, and bank fraud.

3. The information in this affidavit is a combination of my personal knowledge of this investigation, the knowledge of other duly sworn law enforcement officers or agents, documents obtained from various financial and other institutions, and information obtained from third-party witnesses. I have not included every fact known to me about this case; rather, I have limited this affidavit to those facts relevant to the issuance of a criminal complaint. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## BACKGROUND AND PROBABLE CAUSE

4. J.H. (J.H. 1) and J.H. 1's son, J.H. 2, own a company called Willow Creek Timber, LLC (WCT). According to the Georgia Secretary of State, WCT was formed in April 2022, and its principal office is located in Canton, Georgia.

5. Around March 2023, NEET told J.H. 1, J.H. 2, and others about a potential investment opportunity in teak/timberland in Costa Rica. J.H. 1 and J.H. 2 agreed to invest with NEET through WCT.

6. On or about March 31, 2023, NEET emailed J.H. 1 a partnership agreement for CR Timber Group. CR Timber Group was supposed to be the new entity that purchased the teak/timberland in Costa Rica. Based on the partnership agreement, NEET and WCT each owned 25% and two other investors, Investor 3 and Investor 4, owned the remaining 50% of CR Timber Group. The partnership agreement required each investor to make a contribution of $215,000 to CR Timber Group.

7. On or about March 31, 2023, NEET emailed J.H. 2 and requested WCT wire $64,500 to the bank account provided by NEET. The bank account was at Truist Bank in the name of Green Pig Land Partners, and the account number ended in 7387 ("Truist #7387"). According to NEET, Green Pig Land Partners was owned by NEET and J.P.

8. NEET's email stated the $64,500 was needed for "earnest money escrow payments." On or about March 31, 2023, WCT wired $64,500 to Truist #7387. The details of the wire transfer stated, "escrow Costa Rica."

9. Per my review of Truist #7387, the only other deposit prior to WCT's $64,500 wire on March 31, 2023, was a $100 deposit to open the account. After receiving WCT's

$64,500 wire, NEET used the funds to transfer $17,000 to himself, pay $20,000 to J.P., and pay over $25,000 in personal expenses.

10. In NEET's March 31, 2023 email to J.H. 2, he stated he would open a bank account in Costa Rica for CR Timber Group and provide access to the account to each investor. NEET purportedly planned to use the Costa Rica bank account to deposit timber proceeds and pay for any expenses related to CR Timber Group.

11. On or about July 17, 2023, WCT wired $150,500 to Truist #7387. The details of the wire transfer stated, "down payment Costa Rica teak wood." The $150,500 wire completed WCT's required $215,000 contribution to CR Timber Group per the partnership agreement. After wiring the $150,500 to NEET, J.H. 1 and J.H.2 believed CR Timber Group closed on the teak/timberland property in Costa Rica and each investor in CR Timber Group contributed $215,000 as required in the partnership agreement.

12. Per my review of Truist #7387, the account balance prior to WCT's $150,500 wire on July 17, 2023, was a negative balance. After receiving WCT's $150,500 wire, NEET used the funds to transfer over $25,000 to himself, pay $30,150 to J.P., and pay over $73,000 in personal expenses and expenses unrelated to the teak/timberland property in Costa Rica.

13. In August 2023, NEET told J.H. 1 and J.H. 2 he needed additional funds to pay for the construction of road and bridges on the teak/timberland property in Costa Rica. On or about August 10, 2023, WCT wired $9,200 to Truist #7387. The detail of the wire transfer stated, "timber mill property roadwork."

14. In September 2023, J.H. 1 traveled to Costa Rica to meet with NEET. J.H. 1 asked to see the teak/timberland property owned by CR Timber Group. NEET did not show J.H.

1 the property and could not provide J.H. 1 any details on the harvesting of the teak/timberland on the property.

15. Shortly after J.H. 1 returned from Costa Rica and expressed his concerns about NEET to J.H. 2, J.H. 2 asked NEET to provide a phone number for J.P., NEET's business partner. After initially providing J.H. 2 the wrong phone number, NEET eventually provided J.P.'s correct phone number. J.H. 2 called J.P. and asked about the teak/timberland property in Costa Rica. J.P. responded by saying he told NEET not to pursue the teak/timberland property in Costa Rica, and NEET had agreed not to purchase the property.

16. While J.P. 2 was on the phone call with J.P., J.P. added NEET to the call and confronted NEET about the teak/timberland property. NEET claimed he still had WCT's funds in escrow, and NEET would return WCT's funds.

17. After the phone call, NEET kept providing various excuses as to why he could not return WCT's funds. In January 2024, J.P. drafted a letter detailing the money NEET owed to WCT. The total amount owed included WCT's wires of $64,500, $150,500, and $9,200 to NEET. After J.P. drafted the letter, J.H. 1 and J.H. 2 met NEET in Cherokee County, Georgia to sign the letter and have it notarized. To date, NEET has not returned any of the funds owed to WCT.

## CONCLUSION

18. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that NEET has violated Title 18, United States Code, Section 1343 (Wire Fraud).